```
                  IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ALLSTATE INDEMNITY COMPANY         :      CIVIL ACTION
                                   :
          v.                       :
                                   :
EDWARD BATZIG and                  :
JEANETTE BATZIG, h/w, et al.       :      No. 05-cv-04540-JF
_____


ALLSTATE INDEMNITY COMPANY         :      CIVIL ACTION
                                   :
          v.                       :
                                   :
DOMINIC COIA, SR., et al.          :      No. 05-cv-05395-JF
```

## MEMORANDUM AND ORDER

Fullam, Sr. J.                                    November 21, 2006

In both of the captioned actions, Allstate Insurance Company seeks a declaratory judgment to the effect that it has no obligation to defend or indemnify the defendants, who are being sued in state court by the parents of a murder victim who was slain by the defendants' children.  Plaintiff has filed motions for summary judgment in both cases.  These motions will be granted.

The facts are not in dispute.  The homeowners insurance policies issued by plaintiff to each set of defendants contained language excluding from coverage "any bodily injury or property damage intended by, or which may reasonably be expected to result from, the intentional or criminal acts or omissions of <u>any insured person</u>."  It is undisputed that the teenagers responsible

for the murder in question were "insured persons" under the policies, since the term "insured" is defined as including any relative or dependent person who is a resident of the household. Thus, plaintiff is not required to provide defense or indemnity. Defendants' reliance upon the decision in <u>Donegal Mutual Ins. Co. v. Baumhammers</u>, 32 Pa. Super. 893 (2006), petition for allowance of appeal granted, 2006 Pa. LEXIS 1649 (Pa. August 29, 2006), is misplaced.  The insurance policy involved in that case excluded only injury "expected or intended by <u>the</u> insured," and the alleged wrongdoer did not fit within that definition.

```
                  IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ALLSTATE INDEMNITY COMPANY       :       CIVIL ACTION
                                 :
            v.                   :
                                 :
EDWARD BATZIG and                :
JEANETTE BATZIG, h/w, et al.     :       No. 05-cv-04540-JF
```

ORDER

AND NOW, this 21st day of November 2006, upon consideration of plaintiff's motion for summary judgment, and defendants' response, for the reasons set forth in the accompanying memorandum, IT IS ORDERED:

1. Plaintiff's motion for summary judgment is GRANTED.

2. JUDGMENT is ENTERED in favor of the plaintiff, declaring that plaintiff has no obligation to defend or indemnify the defendants in the pending state-court litigation arising from the death of Jason Sweeney.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ALLSTATE INDEMNITY COMPANY       :      CIVIL ACTION
                                 :
          v.                     :
                                 :
DOMINIC COIA, SR., et al.        :      No. 05-cv-05395-JF
```

ORDER

AND NOW, this 21st day of November 2006, upon consideration of plaintiff's motion for summary judgment, and defendants' response, for the reasons set forth in the accompanying memorandum, IT IS ORDERED:

   1.   Plaintiff's motion for summary judgment is GRANTED.

   2.   JUDGMENT is ENTERED in favor of the plaintiff, declaring that plaintiff has no obligation to defend or indemnify the defendants in the pending state-court litigation arising from the death of Jason Sweeney.


                                        BY THE COURT:


                                        /s/ John P. Fullam
                                        John P. Fullam, Sr. J.